Lin Chan (SBN 255027)
lchan@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman (*pro hac vice motion
forthcoming*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Paolo Meireles (*pro hac vice motion
forthcoming*)
pmeireles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Counsel for Plaintiff and the Proposed
FLSA Collective and Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN JEROZAL, individually and on behalf of all other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, a Michigan corporation,<br><br>Defendant. | CASE NO. 2:22-CV-4094<br><br>**CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT;**<br><br>**CLAIMS FOR DAMAGES;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(1) **Failure to Pay Overtime Wages, Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.***;**<br>(2) **Failure to Provide Overtime Wages, Cal. Labor Code §§ 510, 1194, and IWC Order Nos. 4-2001 and 7-2001;** |

2425430.7

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(3) **Failure to Provide Meal and Rest Breaks, Cal. Labor Code §§ 218.5, 226.7, 512, 1198, and IWC Order Nos. 4-2001 and 7-2001;**

(4) **Failure to Reimburse Business Expenses in Violation of California Labor Code § 2802;**

(5) **Failure to Pay Earned Wages Timely, Cal. Labor Code §§ 204, 210;**

(6) **Failure to Pay Earned Wages Upon Discharge, Cal. Labor Code §§ 201, 202, and 203;**

(7) **Failure to Provide Itemized Wage Statements, Cal. Labor Code §§ 226, 226.3;**

(8) **Failure to Keep Requisite Payroll Records, Cal. Labor Code § 1174(d);**

(9) **Unlawful and/or Unfair Business Practices, Cal. Business & Professions Code §§ 17200, *et seq*.; and**

(10) **Civil Penalties Under the Private Attorneys General Act of 2004 ("PAGA") §§ 2698, *et seq*.**

Plaintiff Jonathan Jerozal ("Plaintiff" or "Class Representative"), on behalf of himself and all those similarly situated, complains and alleges on personal knowledge as to himself and on information and belief as to all other matters as follows against Defendant Stryker Corporation ("Defendant" or "Stryker"):

## **INTRODUCTION**

1.      This is a collective, class, and representative action to recover overtime wages and other wages owed under federal and state laws by Stryker, a medical device company that sells its expensive and sophisticated products in health care settings.  Plaintiff and other similarly situated persons worked as Sales Associates or Sales Representatives in a variety of Defendant's divisions, including but not limited to: Craniomaxillofacial; Ear, Nose, and Throat; Endoscopy; Foot & Ankle; Injury/Infection Prevention; Neurovascular; Spine/Trauma; Sports Medicine; Surgical; and Upper Extremities (collectively, "Sales Associates"). Irrespective of division, the job was the same: learning to use and eventually sell Stryker medical devices.

2.      With regard to their overtime claims owed, Plaintiff and all other Sales Associates were required to work more than 40 hours in a workweek while employed by Defendant during their mandatory extensive training period in order to complete their job duties.  However, in accordance with Defendant's policy, pattern, and/or practice, Defendant misclassified Plaintiff and the similarly situated Sales Associates as exempt from overtime compensation during their training period and were not paid at the mandated rate of time-and-one-half for overtime hours worked, in violation of federal and state laws.

3.      In addition, Defendant failed to pay Plaintiff and the similarly situated Sales Associates other wages owed under state laws.

4.      Plaintiff Jerozal brings this collective, class, and representative action on behalf of himself and a proposed nationwide collective under the Fair Labor Standards Act ("FLSA"). In addition, pursuant to Federal Rule of Civil Procedure

23, Jerozal also brings a proposed class in California under California's wage and hour laws, and a proposed representative class in California under California's Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, *et seq.* ("PAGA Group"), as otherwise tolled by agreement of the parties or equity, through the entry of judgment[1].

5.       "Class Members" are all persons who have been employed by Defendant in California as Sales Associates at any time during the time period from four years prior to the filing of this action, as otherwise tolled by agreement of the parties or equity, through the entry of judgment (the "California Class Period").

6.       "Collective Members" are all persons who have been employed by Defendant anywhere in the United States as Sales Associates at any time during the time period from three years prior to the filing of this action, as otherwise tolled by agreement of the parties or equity, through the entry of judgment (the "FLSA Period").

7.       Defendant has failed to pay Plaintiff and the Class Members, the Collective Members, and PAGA Group Members for all regular and overtime hours worked in violation of federal and state wage and hour laws, including failing to pay overtime wages under FLSA, 29 U.S.C. §§ 201, *et seq.*; failing to provide overtime wages in violation of California Labor Code §§ 510, 1194, and California Industrial Welfare Commission ("IWC") Order Nos. 4-2001 and 7-2001; failing to provide meal and rest breaks in violation of California Labor Code §§ 218.5, 226.7, 512, 1198, and IWC Order Nos. 4-2001 and 7-2001; failing to reimburse employees for business expenses in violation of California Labor Code § 2802; failing to timely pay wages in violation of California Labor Code §§ 204, 210; failing to pay earned wages upon discharge in violation of California Labor Code §§ 201, 202, 203; failing to provide accurate wage statements in violation of California Labor

---

[1] By operation of tolling agreements entered into between the parties on or about July 19, 2021 and August 27, 2021, Plaintiff's PAGA claims asserted herein are timely filed.

CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT

Code §§ 226, 226.3; failing to keep required payroll records in violation of California Labor Code §§ 1174, 1174.5; engaging in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq*. ("Unfair Competition Law"); and, violating California's Private Attorneys General Act, California Labor Code §§ 2698, *et seq*.

8.      These employees are similarly situated for the purposes of certification under the FLSA and California Code of Civil Procedure § 382.

9.      On behalf of the Class, Collective, and PAGA Group Members, Plaintiff seeks damages, penalties, restitution, injunctive, and declaratory relief, as well as fees and costs, for Defendant's violations of the FLSA and California law.

## JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA, 29 U.S.C. § 216(b).

11.      This Court also has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

12.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the California state law claims because those claims derive from a common nucleus of operative facts.

13.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.      The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant maintains an office in this District, does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

2425430.7

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

### *Plaintiff*

16.     Plaintiff, at all times relevant hereto, was a resident of the State of California, and currently resides in Redondo Beach, California. Jerozal was employed by Defendant as a Sales Associate in Los Angeles, California from approximately October 2020 to November 2020.  For some or all of his employment, Jerozal worked as a Sales Associate trainee in Defendant's mandatory training program.  Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b) and 256.  A copy of Jerozal's signed consent to join form is attached hereto as **Exhibit A**.

### *Defendant*

17.     Defendant Stryker Corporation is a publicly-traded corporation incorporated under Michigan law and headquartered in Kalamazoo, Michigan.

18.     Defendant "Stryker is one of the world's leading medical technology companies[,] . . . offer[ing] innovative products and services in Orthopedics, Medical and Surgical, and Neurotechnology and Spine." https://www.stryker.com/us/en/about.html (last visited June 6, 2022).

19.     Defendant employs Sales Associates throughout the country.  *See* Stryker Corp. Form 10-k for Fiscal Year ending in Dec. 31, 2020, https://d18rn0p25nwr6d.cloudfront.net/CIK-0000310764/2056f5f2-3d8b-45f0-a0ea-19d713fb0d16.pdf (last visited June 6, 2022).

2425430.7

CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT

## COMMON FACTUAL ALLEGATIONS

### *Overtime Violations*

20.     During the formal and extensive training period that is mandatory for all Sales Associates, Defendant misclassified the Sales Associates as exempt from overtime wages.

21.     Defendant's training program for Sales Associates is approximately four (4) months.

22.     Per Defendant's job description for the Sales Associate position, the training program is "extensive," comprised "[i]n-house product training," and "field sales training."

23.     While in training, Sales Associates must attend, among other things, classroom lectures, complete training modules, shadow certified Sales Associates, prepare for and pass weekly exams, prepare for and pass a "physical exam" demonstrating product knowledge.   Failure to adequately and timely complete training or pass exams resulted in termination.

24.     In order to complete their training duties and successfully pass the training program, Sales Associates typically work an extensive number of hours per week, including reviewing training materials from home, as instructed, to prepare for necessary exams, and shadowing certified Sales Associates representing Defendant at any and all hours of the day and night.

25.     Sales Associates worked approximately 70 to 80 hours per week during Defendant's training program.  Because Defendant misclassifies Sales Associates as outside sales exempt employees during training, they do not receive compensation for any of their overtime hours worked.

26.     However, trainees do not qualify for the outside sales exemption, or any other, arguable exemption under the law, including the executive, administrative and/or professional exemptions.  29 C.F.R. § 541.705 ("[t]he executive, administrative, professional, outside sales and computer employee

- 7 -

1  exemptions do not apply to employees training for employment in an executive,

2  administrative, professional, outside sales or computer employee capacity who are

3  not actually performing the duties of [an exempt position]").

4      27.   While in training, Sales Associates are not subject to the executive,

5  administrative, professional, or outside sales exemption.  They do not qualify for

6  the outside sales exemption because they are not customarily and regularly engaged

7  in outside sales work while in training.  In fact, during their mandatory training,

8  Sales Associates are not certified to represent Defendant, or to otherwise promote

9  products to medical professionals themselves, and may only do so once they have

10  successfully completed training.

11     28.   Similarly, Sales Associates do not qualify for the learned professional

12  exemption while training.  29 C.F.R. § 541.705.  While in training, Sales Associates

13  do not perform work that requires advanced knowledge in a field of science,

14  learning previously obtained through a prolonged course of specialist intellectual

15  instruction, and/or the exercising of discretion and judgment.  In fact, Defendant

16  does not require Sales Associates to possess any prior specialized academic training

17  beyond a high school diploma; therefore, the learned professional exemption does

18  not apply.  29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.300, 541.301.

19     29.   Defendant misclassified Sales Associates during their training period,

20  resulting in the failure to pay the overtime wages earned by Sales Associates during

21  this period, violates the FLSA and California law.

22     ***Meal and Rest Break Violations***

23     30.   Defendant has common, company-wide policies and/or practices of

24  failing to relieve Plaintiff, Class Members, and PAGA Group Members of all duties

25  so that they may take the meal and rest periods to which they are entitled by law.

26  Defendant required Plaintiff and Class Members to work through meal and rest

27  breaks.

28

31.     As a matter of common, company-wide policy and/or practice, Defendant also failed to ensure that it pays Plaintiff, Class Members, and PAGA Group Members proper meal and rest break penalties when they do not receive the meal and rest breaks to which they are entitled by law.

### *Unreimbursed Expenses Violations*

32.     Defendant required Plaintiff, Class Members, and PAGA Group Members to incur necessary business-related expenses in the performance of their duties.  These expenses included charges associated with cell phone/data usage and home internet usage as a result of being obligated to, among other things, respond to work related e-mails, texts and phone calls, and take zoom conferences, on their personal devices.  However, Defendant's reimbursement policies and/or practices failed to provide Plaintiff, Class Members, and PAGA Group Members with adequate reimbursement for these reasonable and necessary business expenses.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings the First Cause of Action, the FLSA claim, on behalf of himself and the Collective Members.

34.     Plaintiff, on behalf of himself and the Collective, alleges and incorporates by reference the allegations in the preceding paragraphs.

35.     Plaintiff is similarly situated to other members of the Collective in all material respects, including their duties and compensation.

36.     Defendant subjected Plaintiff and the Collective to the same unlawful compensation policies, including, but not limited to misclassifying them as exempt during their training period, in violation of the law, resulting in unpaid overtime.

37.     Defendant is liable under the FLSA for, inter alia, failing to compensate properly Plaintiff and Collective Members.  There are many similarly situated Sales Associates who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are

1  known to Defendant, are readily identifiable, and can be located through
2  Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C.
3  § 216(b).

4  **CALIFORNIA CLASS ACTION ALLEGATIONS**

5  38.  Plaintiff brings the Second through Ninth Causes of Action for
6  violations of California's wage and hour and unfair competition laws as a class
7  action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and
8  similarly situated employees.

9  39.  Excluded from the Class are Defendant's legal representatives,
10 officers, directors, assigns, and successors, or any individual who has, or who at
11 any time during the class period has had, a controlling interest in Defendant; the
12 Judge(s) to whom this case is assigned and any member of the Judges' immediate
13 family; and all persons who will submit timely and otherwise proper requests for
14 exclusion from the Class.

15 40.  Plaintiff, on behalf of himself and the Class, alleges and incorporates
16 by reference the allegations in the preceding paragraphs, which demonstrate that
17 class treatment is warranted under Federal Rule of Civil Procedure 23.

18 41.  Numerosity:  The Class is sufficiently numerous that joinder of all
19 members is impracticable.  The exact numbers of such persons are not known to the
20 Plaintiff because the facts on which the calculation of that number can be based are
21 presently within the sole control of Defendant.  Upon information and belief, there
22 are over 100 people in the Class.

23 42.  Ascertainable Class:  The Class consists of readily ascertainable
24 persons.  The entire membership of the Class is unknown to Plaintiff at this time;
25 however, the identity of such membership is readily ascertainable via Defendant's
26 employment records reflecting the job titles of each such individual.

27 43.  Typicality:  The claims of Plaintiff are typical of the claims of the
28 members of the Class.  Plaintiff, like other members of the Class, was subjected to

2425430.7

- 10 -

CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT

1    Defendant's uniform policies and practices that violated California law as described

2    in this Class, Collective, and Representative Action Complaint.  The job duties of

3    Plaintiff giving rise to the claims asserted in this Class, Collective, and

4    Representative Action Complaint were typical of those of the members of the Class.

5         44.    Adequacy:  Plaintiff can and will fairly and adequately represent the

6    interests of the Class, and he has no interests that conflict with or are antagonistic to

7    the interests of the Class.  Plaintiff suffered actual harm and damages as a result of

8    Defendant's systematic and uniform violations of the California wage and hour

9    laws as set forth in this Class, Collective, and Representative Action Complaint.

10   Plaintiff has retained attorneys who are highly skilled, competent, and experienced

11   in complex and class action litigation, and who will vigorously assert the claims on

12   behalf of the members of the Class.  Plaintiff is willing and able to prosecute

13   vigorously this action on behalf of the Class.

14        45.    Predominance:  There are common questions of law or fact affecting

15   the rights of the members of the Class, including but not necessarily limited to,

16   whether Defendant failed to provide the Class with overtime wages for all overtime

17   hours worked; whether Defendant failed to provide the Class with meal and rest

18   breaks; whether Defendant failed to reimburse the Class for work-related expenses;

19   whether Defendant failed to provide the Class with accurate wage statements;

20   whether Defendant failed to maintain requisite payroll records for the Class;

21   whether Defendant failed to pay final wages; whether Defendant failed to pay

22   timely wages; and, whether Defendant engaged in unfair and/or unlawful business

23   practices.  These common questions predominate over questions affecting only

24   individual members.

25        46.    Superiority:  Certification of the Class would provide substantial

26   benefits to the Court and Class Members.  Individual members of the Class suffered

27   relatively small damages compared to the significant expense and burden of

28   individual prosecution of this litigation.  In addition, class certification will obviate

1  the need for unduly duplicative litigation, which might result in inconsistent

2  judgments about Defendant's uniform policies and practices.

3        a.    This case involves a corporate Defendant and sufficiently

4  numerous individual Class Members with many relatively small claims but all

5  having similar and common issues of law and fact;

6        b.    If each individual member of the Class was required to file an

7  individual lawsuit, Defendant, a corporation, would necessarily gain an

8  unconscionable advantage because Defendant would be able to exploit and

9  overwhelm the limited resources of each individual member of the Class with

10  Defendant's superior financial and legal resources;

11        c.    Requiring each individual member of the Class to pursue an

12  individual remedy would also discourage members of the Class from bringing

13  lawful claims because many would be disinclined to pursue an action against

14  Defendant out of an appreciable and justifiable fear of retaliation and permanent

15  damage to their lives, careers, and well-being;

16        d.    Proof of common business practices or factual patterns that the

17  members of the Class experienced will establish the right of each member of the

18  Class to recover on the causes of action alleged herein;

19        e.    The prosecution of separate actions by the individual members

20  of the Class, even if possible, would create a substantial risk of inconsistent or

21  varying verdicts or adjudications with respect to the individual members of the

22  Class against Defendant; would establish potentially incompatible standards of

23  conduct for Defendant; and/or would result in legal determinations with respect to

24  individual members of the Class that would, as a practical matter, be dispositive of

25  the interest of the other members of the Class who are not parties to the

26  adjudications or that would substantially impair or impede the ability of the

27  members of the Class to protect their interests;

28

f. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attending thereto;

g. Furthermore, because the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

h. Finally, the cost to the court system of adjudicating such individualized litigation would be substantial. As explained above, individualized litigation would also present the potential for inconsistent or contradictory judgments.

47. **Existence and Predominance of Common Questions of Fact and Law**: There are common questions of law and fact as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

a. Whether Defendant misclassified the members of the Class during the mandatory training period, thereby failing to properly pay for all hours worked, including overtime hours;

b. Whether Defendant had a policy, procedure, or practice of requiring Class Members to work without proper meal and rest breaks;

c. Whether Defendant violated California Labor Code § 2802 by systematically failing to reimburse the Class for necessary business expenditures incurred as a direct consequence of the performance of their job duties;

d. Whether Defendant failed to keep true and accurate time and pay records for all hours worked by the Class, and other records required by the California Labor Code and applicable IWC Orders;

e. Whether Defendant failed to maintain requisite payroll records for the Class as required by the California Labor Code;

f. Whether Defendant engaged in unlawful, unfair, and/or deceptive business practices in violation of California Business & Professions Code §§ 17200, *et seq*.;

g. Whether Defendant engaged in the relevant policies, procedures, or practices alleged herein with oppression, fraud, or malice within the meaning of California Civil Code § 3288; and

h. The nature and extent of class-wide injury and the measure of damages for those injuries.

48. **Manageability of Class and Common Modes of Proof**: The nature of this action makes use of the class action format, a particularly efficient and appropriate procedure, to afford relief to the Plaintiff and Class Members for the wrongs alleged herein.  Specifically, Defendant maintains all records necessary to identify each and every member of the Class.  To the extent Defendant maintains inadequate records, or has not retained records, Plaintiff proposes surveys, representative testimony of members of the Class, and record sampling done on a statistically significant and randomized basis to prove each claim as hereinafter alleged.  Initial investigation shows a clear and common pattern and practice of failing to provide overtime wages, failing to reimburse necessary business expenses, failing to pay all earned wages upon discharge, failing to pay all wages timely, failing to provide accurate wage statements, and engaging in unfair competition, with the intended effect of increasing the profitability of Defendant's business in California.  Further, Defendant utilized these uniform practices and procedures to gain an unfair competitive advantage over competitors, by essentially lowering their operating costs in comparison to competitors that complied with labor laws.  Therefore, Plaintiff brings this action for the benefit of the public, for

the benefit of the affected employees, and to promote the public policy of the State of California to protect employee wages and to prevent unfair competition.

### FIRST CAUSE OF ACTION
**Failure to Provide Overtime Wages, Fair Labor Standards Act,
29 U.S.C. §§ 201, *et seq.*;**
(On Behalf of Plaintiff and the Collective)

49.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

50.     At all relevant times, Plaintiff and other similarly situated members of the Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 26 U.S.C. §§ 206(a) and 207(a).

51.     The overtime wage provisions set forth in §§ 210, *et seq.* of the FLSA apply to Defendant.

52.     Defendant was and is an employer of Plaintiff and other similarly situated members of the Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Plaintiff and other similarly situated members of the Collective were and are employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54.     Plaintiff and other similarly situated members of the Collective worked more than forty hours in a workweek, but were not paid at the overtime rate for hours worked in excess of forty, including during their mandatory training period.

55.     Defendant has failed to pay Plaintiff and other similarly situated members of the Collective the overtime wages to which they were entitled under the FLSA, including overtime wages earned during their mandatory training period.

56.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

2425430.7

57.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity, or operation of law.

58.     As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly-situated members of the Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages, Cal. Labor Code §§ 510, 1194, and IWC**
**Wage Order Nos. 4-2001 and 7-2001**
(On Behalf of Plaintiff and the Class)

59.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

60.     During Defendant's mandatory training period, occurring during the first four months of a Sales Associate's employment with Defendant, Plaintiff and Class Members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

61.     During Defendant's mandatory training period, Defendant intentionally and willfully failed to pay Plaintiff and the Class overtime premium pay for hours worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

62.     During Defendant's mandatory training period, Plaintiff and the Class did not qualify for an exemption from overtime compensation.

63.     Defendant's failure to pay Plaintiff and the Class the unpaid balance of overtime compensation during its mandatory training period violates the provisions of the California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 7-2001.

64.     Due to Defendant's unlawful conduct, as set forth herein, the Plaintiff and the Class sustained damages, including loss of earnings for hours of overtime worked.  Plaintiff and the Class are entitled to damages, including overtime wages in an amount to be established at trial, prejudgment interest, costs, and attorneys' fees pursuant to statute and other applicable law.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal and Rest Breaks, Cal. Labor Code §§ 218.5, 226.7, 512, 1198, and IWC Wage Order Nos. 4-2001 and 7-2001**
(On Behalf of Plaintiff and the Class)

65.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

66.     California Labor Code § 226.7 prohibits an employer from requiring an employee to work during any meal period mandated by an applicable IWC Wage Order.  IWC Wage Order Nos. 4-2001and 7-2001 impose an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major portion thereof, that must be in the middle of each applicable work period insofar as is practicable.

67.     California Labor Code § 512(a) prohibits employers from employing a worker for more than five (5) hours without a meal period of at least thirty (30) minutes, or for more than ten hours without a second meal period of at least 30 minutes.

68.     California Labor Code § 226.7 also requires employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest or meal period.

69.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions prohibited by the IWC.

2425430.7

70.    Under California Labor Code § 558, Defendant is also liable for civil penalties for failure to provide rest periods as follows:  (1) for any initial violation, fifty dollars ($50) for the Plaintiff or each Class Member for each pay period in which a rest period was not provided, and (2) for each subsequent violation, one hundred dollars ($100) for Plaintiff or each Class Member for each pay period in which a rest period was not provided.

71.    Defendant has a policy and/or practice of failing to provide the Plaintiff and the Class with proper meal and rest breaks.

72.    Defendant also has a policy and/or practice of failing to pay meal and rest break penalties to Plaintiff and the Class when they do not receive proper meal and rest breaks as required by law.

73.    As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages, as well as interest, costs, reasonable attorneys' fees, and restitution pursuant to statute.

**FOURTH CAUSE OF ACTION**
**Failure to Reimburse Employees for Business Expenses,**
**Cal. Labor Code § 2802**
(On Behalf of Plaintiff and the Class)

74.    Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

75.    California Labor Code § 2802 provides that employers shall reimburse employees for all necessary expenses incurred in the performance of their job duties or following the directions of their employers.

76.    Plaintiff and the Class incurred necessary business-related expenses in the performance of their duties. These expenses include charges associated with cell phone/data usage and home internet usage as a result of being obligated to, among other things, respond to work related e-mails, texts and phone calls, and take zoom

conferences, all on their personal devices.  Defendant knew or should have known that Plaintiff and the Class incurred costs for cell phone/data usage and home internet to respond to emails, respond to phone communications, and attend meetings via zoom conferences. However, Defendant's reimbursement policies and/or practices failed to provide Plaintiff and the Class with adequate reimbursement for these reasonable and necessary business expenses.

77.     Defendant's intentional and consistent failure to fully reimburse Plaintiff and the Class for the above-described expenses violates California Labor Code § 2802.

78.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the Class have sustained economic damages in an amount to be established at trial, and are entitled to recover economic and statutory damages, as well as interest, costs, and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages, Cal. Labor Code §§ 204, 210**
(On Behalf of Plaintiff and the Class)

79.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

80.     California Labor Code § 204 requires biweekly payment of wages for all employees except salaried executive, administrative, and professional employees covered by the FLSA, whom it requires employers to pay at least once per month.

81.     California Labor Code § 210 makes any person subject to civil penalties for failing to timely pay employees as required by California Labor Code § 204.

82.     Defendant failed to pay Plaintiff and the Class all wages due and owing twice during each calendar month on their regular paydays, in that Defendant did not pay the Plaintiff and the Class at all for the overtime hours they worked.

83.     As a direct and proximate result of Defendant's unlawful conduct, as alleged herein, Plaintiff and the Class are entitled to recover $100 for Defendant's

initial violation, and $200 for each subsequent violation, plus twenty-five percent of the amount of wages unlawfully withheld, as well as interest, costs, and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
#### Failure to Pay Earned Wages Upon Discharge,
#### Cal. Labor Code §§ 201, 202, 203
(On Behalf of Plaintiff and the Class)

84. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

85. California Labor Code §§ 201 and 202 require employers to pay all compensation due and owing to their employees immediately upon discharge or within seventy-two hours of their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for "waiting time" penalties of up to thirty (30) days' wages.

86. Defendant willfully failed to pay Plaintiff and former employee Class Members compensation due upon termination or within seventy-two hours of their termination of employment as required by California Labor Code §§ 201 and 202. As a result, Defendant is liable to Plaintiff and former employee Class Members for waiting time penalties as provided under California Labor Code § 203, as well as reasonable attorneys' fees and costs. As a direct and proximate result of Defendant's unlawful conduct, as alleged herein, Plaintiff and former employee Class Members have sustained economic damages in an amount to be established at trial, and are entitled to recover economic and statutory damages, as well as interest, costs, and reasonable attorneys' fees.

### SEVENTH CAUSE OF ACTION
#### Failure to Provide Accurate Wage Statements, Cal. Labor Code §§ 226, 226.3
(On Behalf of Plaintiff and the Class)

87. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

2425430.7

88.     Defendant knowingly and intentionally failed to provide Plaintiff and the Class with timely, accurate, and itemized wage statements, including inter alia, failing to provide wage statements which set forth their total hours actually worked, net wages actually earned, and overtime rates, in violation of California Labor Code § 226.  Such failure injured Plaintiff and the Class by, among other things, impeding them from knowing the amount of wages they were and are owed.

89.     Plaintiff and the Class are entitled to and seek injunctive relief requiring Defendant to comply with California Labor Code § 226(a), and further seek the amount provided under California Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, up to $4,000 per employee.  Pursuant to California Labor Code § 226(g), Plaintiff and the Class are entitled to injunctive relief to ensure Defendant complies with California Labor Code § 226.

90.     As a direct and proximate result of Defendant's unlawful conduct, as alleged herein, Plaintiff and the Class have sustained economic damages in an amount to be established at trial, and are entitled to recover economic and statutory damages, penalties, interest, costs, and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION
### Failure to Keep Requisite Payroll Records, Cal. Labor Code §§ 1174(d), 1174.5
(On Behalf of Plaintiff and the Class)

91.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

92.     Defendant has intentionally and willfully failed to keep accurate and complete payroll records documenting the hours worked daily and the wages paid to Plaintiff and the Class.

93.     As a result of Defendant's violation of California Labor Code § 1174(d), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

2425430.7

94.     Specifically, Plaintiff and the Class have been injured by Defendant's intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest in having available accurate and complete payroll records, as required by California Labor Code § 1174(d), and therefore Defendant should pay penalties pursuant to California Labor Code § 1174.5.

## NINTH CAUSE OF ACTION
### Unlawful, Unfair, and/or Deceptive Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.*
(On Behalf of Plaintiff and the Class)

95.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

96.     Defendant's failure to provide minimum wages, failure to pay overtime wages, failure to reimburse business expenses, failure to provide meal and rest breaks, and failure to pay earned wages upon discharge are unlawful under California law as described herein.  Therefore, these business practices are also unlawful and prohibited by California Business and Professions Code §§ 17200, *et seq.*

97.     California Labor Code § 90.5 provides that it is the public policy of California to protect employees from working under unlawful conditions—and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers.  The actions of Defendant in committing the wage and hour violations described herein therefore constitute unfair, fraudulent, and/or deceptive business practices, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

98.     Plaintiff, individually and on behalf of all others similarly situated, is entitled to an injunction and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff and all others similarly situated s are

1  entitled to full restitution and/or disgorgement of all profits earned as a result of

2  Defendant's business acts and practices.

3      99.    The illegal conduct alleged is continuing, and there is no indication

4  that Defendant will discontinue such activity.  Plaintiff alleges that if Defendant is

5  not enjoined from the conduct set forth in this Complaint, Defendant will continue

6  to engage in the wage and hour violations described herein.

7      100.   Plaintiff further requests that the Court issue a preliminary and

8  permanent injunction prohibiting Defendant from failing to provide minimum

9  wages, failing to reimburse business expenses, and failing to pay earned wages

10  upon discharge.

11      101.   Defendant committed the unlawful actions herein despicably,

12  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring

13  Plaintiff and the Class, from an improper and evil motive amounting to oppression,

14  fraud, and/or malice, and in conscious disregard of the rights of Plaintiff and the

15  Class.  Plaintiff and the Class are therefore entitled to recover punitive damages

16  from Defendant pursuant to California Civil Code § 3294, in an amount to be

17  proven at trial.

18                        **TENTH CAUSE OF ACTION**
                 **Violation of the Private Attorneys General Act,**
19                      **Cal. Labor Code §§ 2698,** *et seq.*
                (On Behalf of the State of California, Plaintiff, and the PAGA Group)
20

21      102.   Plaintiff re-alleges each paragraph of this Complaint as though fully

22  set forth herein.

23      103.   The Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.*,

24  authorizes Plaintiff to recover civil penalties that otherwise would have been

25  "assessed and collected by the Labor and Workforce Development Agency" for

26  violations of the Labor Code through a "civil action brought by an aggrieved

27  employee on behalf of himself or herself and other current or former employees."

28  Cal. Lab. Code § 2699(a).

104.   Plaintiff is an "aggrieved employee[s]" under PAGA, as he was employed by Defendant during the applicable statutory period and suffered each of the wage and hour violations alleged herein.  As such, Plaintiff seeks to recover, on behalf of himself and all other current and former aggrieved Sales Associates the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

105.   Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not required, but Plaintiff may choose to seek certification of the PAGA claims.

106.   Plaintiff has satisfied the requirements for bringing a civil action under PAGA, as set forth in California Labor Code § 2699.3.

107.   Plaintiff sent a notice to the California Labor and Workforce Development Agency on February 3, 2022, indicating his intent to seek penalties under PAGA due to Defendant's failure to pay employees for hours over eight (8) in a day and/or over forty (40) in a week, to provide them with legally compliant meal breaks, to reimburse them for necessary business expenses, to furnish them with accurate wage statements, and to pay them all earned wages timely and upon discharge.  To date, Plaintiff has not received any response from the LWDA.

108.   Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and IWC Order Nos. 4-2001 and 7-2001 alleged herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated persons, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b).

2425430.7

1    B.    Certification of the Class for violations of the California Labor Code
2  and California Unfair Competition Law;

3    C.    Designation of Plaintiff as Class Representative;

4    D.    A declaratory judgment that the practices complained of herein are
5  unlawful;

6    E.    An award of damages, including liquidated damages, penalties, and
7  restitution to be paid by Defendant according to proof by Plaintiff and the Class,
8  Collective, and Representative Group;

9    F.    An award of exemplary and punitive damages in an amount
10  commensurate with Defendant's ability to pay and to deter future unlawful conduct;

11    G.    Pre-judgment and post-judgment interest as provided by law;

12    H.    Attorneys' fees and costs of action incurred herein, including any
13  expert fees; and

14    I.    Such other injunctive and equitable relief as the Court may deem just
15  and proper.

Dated:  June 14, 2022                    Respectfully submitted,

Lin Chan (SBN 255027)
lchan@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman (*pro hac vice
motion forthcoming*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Paolo Meireles (*pro hac vice
motion forthcoming*)
pmeireles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Counsel for Plaintiff and the
Proposed FLSA Collective,
Class and Representative Group*

CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT

1    **DEMAND FOR JURY TRIAL**

2         Plaintiff, on behalf of himself and the Class, the Collective, and the PAGA

3    Group hereby demand a jury trial on all causes of action and claims with respect to

4    which they have a right to jury trial.

5

6    Dated:  June 14, 2022                    Respectfully submitted,

7

8                                             Lin Chan (SBN 255027)
                                              lchan@lchb.com
9                                             LIEFF CABRASER HEIMANN &
                                              BERNSTEIN, LLP
10                                            275 Battery Street, 29th Floor
                                              San Francisco, CA 94111
11                                            Telephone: (415) 956-1000
                                              Facsimile: (415) 956-1008
12
                                              Rachel Geman (*pro hac vice*
13                                            *motion forthcoming*)
                                              rgeman@lchb.com
14                                            LIEFF CABRASER HEIMANN &
                                              BERNSTEIN, LLP
15                                            250 Hudson Street, 8th Floor
                                              New York, NY 10013
16                                            Telephone: (212) 355-9500
                                              Facsimile: (212) 355-9592
17
                                              Paolo Meireles (*pro hac vice*
18                                            *motion forthcoming*)
                                              pmeireles@shavitzlaw.com
19                                            SHAVITZ LAW GROUP, P.A.
                                              951 Yamato Road, Suite 285
20                                            Boca Raton, Florida 33431
                                              Telephone: (561) 447-8888
21                                            Facsimile: (561) 447-8831

22
                                              *Counsel for Plaintiff and the*
23                                            *Proposed FLSA Collective, Class*
                                              *and Representative Group*
24

25

26

27

28

CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT